Matter of Elizabeth H. (Ylein S.) (2018 NY Slip Op 06469)





Matter of Elizabeth H. (Ylein S.)


2018 NY Slip Op 06469


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7178

[*1]In re Elizabeth H. also known as Elizabeth S., A Child Under the Age of Eighteen Years, etc., Ylein S., Respondent-Appellant, New York Foundling Hospital, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Emily Olshansky, J.), entered on or about May 23, 2017, which, inter alia, upon findings that respondent mother suffers from a mental illness and that she permanently neglected the subject child, terminated her parental rights and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The agency established by clear and convincing evidence that the mother is "presently and for the foreseeable future unable, by reason of mental illness. . ., to provide proper and adequate care" for her child (Social Services Law 384-b[4][c]; see Matter of Thaddueus Jacob C. [Tanya K.M.], 104 AD3d 558 [1st Dept 2013]). Such evidence included a report and testimony from a court-appointed psychologist who, after examining the mother and reviewing medical and other records, opined that she suffers from bipolar disorder and alcohol use disorder and that, as a result, if the child were returned to her care, she would be at risk of becoming neglected (see Social Services Law § 384-b[6][a]; Matter of Savannah Love Joy F. [Andrea D.], 110 AD3d 529 [1st Dept 2013], lv denied 22 NY3d 858 [2014]). The expert's opinion was based, among other things, on the mother's long history of mental illness, her noncompliance with psychiatric treatment, and the pervasive nature of her deficits (see Matter of Brianna Monique F. [Monique F.], 129 AD3d 638 [1st Dept 2015]), and the mother did not offer evidence in rebuttal.
Furthermore, the finding of permanent neglect was supported by clear and convincing evidence. The record shows that the agency engaged in diligent efforts to encourage and strengthen the parental relationship by making necessary referrals to mental health services and drug treatment programs, as well as arranging consistent visitation, but the mother failed to take advantage of these referrals and programs, and failed to visit consistently with the child (see e.g. Matter of Angelicah U. [Reggie U.], 155 AD3d 455 [1st Dept 2017], lv denied 31 NY3d 997 [2018]).
Contrary to the mother's argument, the court reasonably exercised it discretion in limiting cross-examination where her counsel was repeatedly warned of extensive, duplicative and generalized line of questions. The extensive record further shows that counsel was afforded a [*2]full and fair opportunity to cross-examine the agency's expert witness (see Matter of Muldavin v Muldavin, 248 AD2d 209 [1st Dept 1998]).
The mother's remaining arguments are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK